# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCY
# LOUISVILLE DIVISION

**DAVID RANDOLPH BEDELL**                                           **PETITIONER**

**v.**                                          **CIVIL ACTION NO. 3:16-CV-P763-CRS**

**SCOTT JORDAN**                                                        **RESPONDENT**

## MEMORANDUM OPINION AND ORDER

Petitioner, David Randolph Bedell, filed this action pursuant to 28 U.S.C. § 2254, seeking a writ of habeas corpus (DN 1). His petition raised a number of ineffective-assistance-of-counsel claims as well as a "cumulative effect" claim. On preliminary consideration under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court directed Petitioner to show cause why his petition should not be denied for failure to exhaust his state court remedies and as outside the applicable statute of limitations. Petitioner has responded (DN 9).

In addition to filing his response, Petitioner has filed a motion to amend his habeas petition (DN 8) and a document titled "Objections Regarding the Proceedings of this Case" (DN 10).

### Motion to amend

In his motion to amend (DN 8), Petitioner states that he wishes to amend his petition so that, rather than answering "no" to the question of whether other than direct appeals he has filed "any other petitions, applications, or motions concerning this judgment of conviction in any state court," the petition would indicate that he filed a motion for transcript of the record on or around August 24, 1994. He attaches a copy of a Kentucky Court of Appeals opinion affirming the Jefferson Circuit Court's denial of his request to be provided a trial transcript at state expense.

The appellate court affirmed that denial in an opinion rendered May 3, 1996. He also attaches a Supreme Court of Kentucky order entered April 16, 1997, denying discretionary review of the appellate court decision not to provide a transcript.

**IT IS ORDERED** that Plaintiff's motion (DN 8) to correct his petition to include his post-conviction request for a transcript of the record is **GRANTED**.

## Objections to the proceedings in this case

In his "Objections Regarding the Proceedings of this Case" (DN 10), Petitioner objects to this Court's Order to show cause why this case should not be dismissed. That document argues that the Court erred by applying *de novo* review of his habeas petition.

As set forth in the Court's show cause Order, the Court must conduct preliminary consideration of the habeas petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Under that Rule every habeas petition filed pursuant to 28 U.S.C. § 2254 must be examined, and if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Only if the petition is not dismissed on preliminary review, will Respondent be ordered to file an answer or other response. It is this preliminary review in which the Court is engaging.

## Response to show cause

In 1990, Petitioner was convicted of murder with a sentence of life without parole for twenty-five years; first-degree rape with a sentence of twenty years; kidnapping with a sentence of twenty years; first-degree wanton endangerment with a sentence of five years; and first-degree unlawful imprisonment with a sentence of five years, all sentences to run consecutively. In 1993, on direct appeal, the Kentucky Supreme Court affirmed the convictions but remanded for

an order directing all other sentences of imprisonment to run concurrently with the sentence of life imprisonment without parole for twenty-five years. *Bedell v. Commonwealth*, 870 S.W.2d 779, 783 (Ky. 1993).

According to the petition as amended, Petitioner's only post-conviction[1] motion in state court was the motion for transcript of the record.

- *Exhaustion*

It is axiomatic that one may not seek federal habeas corpus relief until he has exhausted all available state remedies or demonstrated their inadequacies. 28 U.S.C. § 2254(b); *Hannah v. Conley*, 49 F.3d 1193, 1196 (6th Cir. 1995) (per curiam). Any alleged constitutional deprivations must be asserted through the state appellate process. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). The exhaustion doctrine is designed to give state courts "a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts;" therefore, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id.* The burden is on the petitioner to demonstrate compliance with the exhaustion requirement or that the state procedure would be futile. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

"[I]n Kentucky, claims of ineffective-assistance-of-counsel can be brought both in a collateral proceeding pursuant to RCr 11.42 or on direct appeal." *Foley v. White*, No. CIV.A. 6:00-552-DCR, 2013 WL 375185, at *6 (E.D. Ky. Jan. 30, 2013), *amended*, No. CIV.A. 6:00-552-DCR, 2013 WL 990828 (E.D. Ky. Mar. 12, 2013), *aff'd*, 835 F.3d 561 (6th Cir. 2016) (citing *Humphrey v. Commonwealth*, 962 S.W.2d 870, 872-73 (Ky. 1998); *Rodriquez v.*

---

[1] Petitioner's filings actually refer to "post-collateral" proceedings, which the Court assumes to be a reference to post-conviction proceedings.

3

*Commonwealth*, 87 S.W.3d 8, 11-12 (Ky. 2002)). Petitioner's direct appeal did not raise issues of ineffective assistance of counsel. *Bedell v. Commonwealth*, 870 S.W.2d at 780. He did not file any post-conviction motion other than his request for a transcript of the record.

In response to the show cause Order, Petitioner argues that Kentucky's "post-collateral" process only allows a State prisoner a "'one-shot' procedure" and asserts that even after acquiring further knowledge of ineffective assistance of counsel, there are no available remedies in Kentucky court. DN 9. He cites to the portion of his petition asserting that under RCr 11.42 a state prisoner can file only one "post-collateral motion challenging counsel's effectiveness." DN 1 at 99. However, according to the petition, Petitioner never filed an RCr 11.42 motion. Moreover, "post-conviction claims of actual innocence based on newly-discovered evidence are typically presented to the state courts via a motion pursuant to Kentucky Rules of Civil Procedure (CR) 60.02(f)." *Cross v. White*, No. 515CV00158TBRLLK, 2016 WL 737939, at *3 (W.D. Ky. Feb. 23, 2016). Thus, Petitioner has not shown that he exhausted his state-court remedies or that it would have been futile to do so.

- *Statute of limitations*

The Antiterrorism and Effective Death Penalty Act (AEDPA), statute of limitations is set out in 28 U.S.C. § 2244(d)(1) as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A)      the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)      the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Additionally, the statute provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." § 2244(d)(2).

For a petitioner, like the one here, whose state appeals concluded prior to the 1996 passage of AEDPA, courts have applied a one-year grace period and hold that the statute of limitations expires one year from the passage of the AEDPA, that is, on April 24, 1997. *Allen v. Yukins*, 366 F.3d 396, 400 (6th Cir. 2004).

The statute of limitations in § 2244(d)(1) is not jurisdictional and is subject to equitable tolling. *Sherwood v. Prelesnik*, 579 F.3d 581, 587-88 (6th Cir. 2009). However, the Sixth Circuit cautions that equitable tolling relief should be granted sparingly. *Id.* at 588. Petitioner bears the burden of demonstrating that he is entitled to equitable tolling. *Connolly v. Howes*, 304 F. App'x 412, 417 (6th Cir. 2008).

Petitioner has not shown cause why his petition should not be dismissed as untimely. First, Petitioner argues in his response to the order to show cause that the time period in RCr 11.42 is a statute of repose, not a statute of limitation. This argument is to no avail. First, it is the statute of limitations set out in AEDPA about which the Court is concerned. Second, RCr 11.42 contains a statute of limitations. *See, e.g.*, *Commonwealth v. Stacey*, 177 S.W.3d 813, 815 (Ky. 2005) (discussing RCr 11.42(10)'s statute of limitations). Third, a statute of repose is

5

not subject to equitable tolling. *CTS Corp. v. Waldburger*, ___ U.S. ___, 134 S. Ct. 2175, 2183 (2014) ("Statutes of limitations, but not statutes of repose, are subject to equitable tolling . . . .").

Petitioner also argues actual innocence predicated on new evidence as tolling the statute of limitations. He points to "Section (f), Claim for relief IV" (pages 152-70) of his petition. His argument in that section of the petition does not identify any new evidence. Instead, he points to the unreliability of a trial witness, the failure of his defense counsel to investigate and develop a trial theory, and defense counsel's failure to raise Petitioner's innocence during trial.

The Supreme Court has explained that "actual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). The Supreme Court counseled that the actual innocence exception should "remain rare" and "only be applied in the extraordinary case." *Id*. at 321 (internal quotation marks omitted).

Because Petitioner points only to alleged deficiencies of witnesses and counsel during trial, he has not pointed to any new reliable evidence showing that he is actually innocent of the crimes of conviction. *See, e.g.*, *Lenoir v. Warden, S. Ohio Corr. Facility*, 886 F. Supp. 2d 718, 729 (S.D. Ohio 2012) (holding that evidence available at trial is not new evidence); *see also Gulertekin v. Tinnelman-Cooper*, 340 F.3d 415, 427 (6th Cir. 2003).

Petitioner also argues that the statute of limitations should be equitably tolled. "To be entitled to equitable tolling, [Petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely

filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Petitioner asserts that he suffered from a state-created impediment to filing. In support, he points to sections of his petition which argue that he asked for, but was denied by the state courts, a free copy of all proceedings in his case. However, he also states in that section that he was provided his "work-product documentation" in 1997.

First, Petitioner's alleged difficulty in obtaining transcripts does not establish that the State created an impediment to the filing of his habeas petition in a timely manner. A prisoner has no constitutional right to transcripts on collateral review of a conviction, *see United States v. MacCollom*, 426 U.S. 317, 323-24 (1976), and the lack of a transcript itself is not a circumstance which justifies tolling of a limitations period. *See Grayson v. Grayson*, 185 F. Supp. 2d 747, 751-52 (E.D. Mich. 2002). The Court further notes that requests or motions for transcripts and other legal materials do not operate to toll the one-year period. *See Johnson v. Randle*, 28 F. App'x 341, 343 (6th Cir. 2001).

Second, under § 2244(d)(1)(B), the limitations period begins to run on the date that the state-created impediment to filing is removed. Even were access to the trial transcripts to be considered a state-created impediment, by Petitioner's own reckoning, that impediment was removed in 1997 when his attorney provided him with the "work-product documentation." *Powell v. Berghuis*, No. 05-CV-70205-DT, 2006 WL 1547726, at *3 (E.D. Mich. Jan. 5, 2006).

Petitioner further argues that from 1998 up to and including August 19, 2009, he was "in the process of preparing his Federal Habeas Corpus Application, Memorandum of Law in Support, and an Evidentiary Appendix." He states that in June 1999 he was required to store excess legal materials pursuant to policies of the Kentucky Department of Corrections; that his

7

hardback legal books were confiscated in 2007 when he was transferred to Northpoint Training Center (NTC); and that the prison law library was inadequate. He further states that on August 20, 2009, he left his petition in NTC's library, and on the next day the library burned to the ground in a riot.

To the extent that Petitioner claims that an inadequate prison law library amounts to a state-created impediment, the Sixth Circuit has found that restricted access to prison law libraries does not constitute a state-created impediment unless the restrictions deny the prisoner access to the courts. *See Maclin v. Robinson*, 74 F. App'x 587, 589 (6th Cir. 2003); *see also Williams v. Brunsman*, No. 1:08-cv-136, 2009 WL 816265, at *6 (S.D. Ohio Mar. 26, 2009).

Even were the Court to consider having to store excess legal materials, having legal books confiscated or the prison library burning to be state-created impediments to filing, all of these events happened well beyond the expiration of the one-year time period. *See Colwell v. Tanner*, 79 F. App'x 89, 93 (6th Cir. 2003) ("Not only must the state impede the petitioner in some fashion, but also that obstruction must cause the untimely filing of the petition.").

Finally, even if Petitioner had shown that an extraordinary circumstance stood in his way, he would still not be entitled to equitable tolling because he also has the burden of establishing that he had been pursuing his rights diligently. *See Lawrence*, 549 U.S. at 335; *Pace*, 544 U.S. at 418. Although Petitioner asserts that he has been diligent, he own statements show otherwise.

Petitioner states that he received his defense counsel's "work-product documentation" in 1997; that he completed his review of that work-product documentation in January 1999; and that from 1998 up to and including August 19, 2009, he was in the process of preparing his habeas petition. But, "AEDPA does not convey a right to an extended delay while a habeas petitioner gathers every possible scrap of evidence that might support his claim. Neither does the

doctrine of equitable tolling grant such a right." *Jurado v. Burt*, 337 F.3d 638, 644 (6th Cir. 2003) (citing *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir. 1998)). The statute of limitations expired one year from the passage of the AEDPA, *i.e.*, on April 24, 1997. Petitioner did not file his habeas petition until November 30, 2016.[2] A petitioner, even one proceeding without the aid of counsel, who does not file a petition until nearly twenty years after the statute of limitations had expired, clearly was not diligent in pursuing his rights. *Johnson v. United States*, 544 U.S. 295, 297 (2005) ("[T]he Court has never accepted pro se representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness."); *Allen v. Yukins*, 366 F.3d at 403 (noting that the Sixth Circuit "has declined to apply equitable tolling where the delay was far less than seven months").

For the foregoing reasons, the Court will, by separate Order, deny the petition and dismiss this action.

## CERTIFICATE OF APPEALABILITY

An individual who unsuccessfully petitions for writ of habeas corpus in a federal district court and subsequently seeks appellate review must secure a certificate of appealability ("COA") from either "a circuit justice or judge" before the appellate court may review the appeal. 28 U.S.C. § 2253(c)(1). A COA may not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000).

When a district court denies such a motion on procedural grounds without addressing the merits of the petition, a COA should issue if the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right

---

[2] Under the mailbox rule, a prisoner's action is deemed filed on the date it was presented to prison officials for mailing. *Miller v. Collins*, 305 F.3d 491, 497-98 (6th Cir. 2002) (citing *Houston v. Lack*, 487 U.S. 266 (1988)). According to the petition in this case, that date was November 30, 2016.

and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

When a plain procedural bar is present and a court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the court erred in dismissing the petition or that the petitioner should be allowed to proceed further. *Id.* In such a case, no appeal is warranted. *Id.* The Court is satisfied that no jurist of reason could find its procedural ruling to be debatable. Thus, no certificate of appealability is warranted in this case.

The Court will enter an Order consistent with this Memorandum Opinion and Order.

Date: June 29, 2017

Charles R. Simpson III, Senior Judge
United States District Court

cc: Petitioner, *pro se*
Respondent
Attorney General, Commonwealth of Kentucky, Office of Criminal Appeals, 1024 Capital Center Drive, Frankfort, KY 40601

4411.009