# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

DAVID RANDOLPH BEDELL                                              PETITIONER

v.                                                    CIVIL ACTION NO. 3:16-CV-P763-CRS

SCOTT JORDAN                                                          RESPONDENT

## MEMORANDUM OPINION AND ORDER

On June 29, 2017, this Court entered a Memorandum Opinion and Order and Order dismissing Petitioner's petition for a writ of habeas corpus for failure to exhaust and as having been filed outside the statute of limitations. Before the Court are the "Objections and Motion to Alter or Amendment Judgment" (DN 16) filed by Petitioner.

In his motion, Petitioner argues that he had until July 10, 2017, to file objections. Petitioner appears to be confusing this Court's Memorandum Opinion and Orders (DNs 13 and 14) with a report and recommendation from a magistrate judge. Under 28 U.S.C. § 636, a party "may serve and file written objections to [a magistrate judge's] proposed findings and recommendations as provided by rules of court" within 14 days of being served a copy of a magistrate judge's proposed findings and recommendations. Here, there is no 14-day objection period because the order Petitioner was objecting to is a final order of the Court.

Although Petitioner does not cite to Fed. R. Civ. P. 59(e), this motion was filed within 28 days of the entry of the dismissal of this action. Under Rule 59(e), "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." The Court, therefore, considers Petitioner's motion to be a Rule 59(e) motion.

Shortly after he filed this Rule 59(e) motion, Petitioner filed a notice of appeal. Usually, "[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction

on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58, (1982). "But when a party timely files a motion to reconsider, the district court retains jurisdiction to decide that motion notwithstanding the filing of the notice of appeal." *United States v. Banks*, 674 F. App'x 121, 124 (3d Cir. 2017) (per curiam).

This Court may grant a Rule 59(e) motion to alter or amend if there is: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice. *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). An examination of Petitioner's motion reveals no basis on which to alter or amend this Court's prior ruling.

Petitioner's motion essentially reiterates the arguments he put forth in his response to the Court's order to show cause. To the extent that Petitioner's motion repeats his prior arguments, it fails. "[A] Rule 59(e) motion 'does not permit parties to . . . re-argue a case' and 'cannot be used to present new arguments that could have been raised prior to judgment.'" *Schellenberg v. Twp. of Bingham*, 436 F. App'x 587, 598 (6th Cir. 2011) (citation omitted). Rule 59(e) motions "are not at the disposal of an unsuccessful party to 'rehash' the same arguments and facts previously presented." *Rouse v. Nielsen*, 851 F. Supp. 717, 734 (D.S.C. 1994) (quoting *Keyes v. Nat'l R.R. Passenger Corp.*, 766 F. Supp. 277, 280 (E.D. Pa. 1991)). "Whatever may be the purpose of Rule 59(e), it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge." *Durkin v. Taylor*, 444 F. Supp. 879, 889 (E.D. Va. 1977). While Petitioner may disagree with the outcome of his habeas petition, such disagreement does not support a Rule 59(e) motion. *See id.* Petitioner has offered nothing here

to demonstrate that this Court's dismissal of his habeas petition was not factually supported or legally justified.

Petitioner's motion also asks for a certificate of appealability (COA) with regard to claims I, II, IV, V, and VI of his petition. This Court already has denied COA on all claims, *see* DNs 13 and 14, and Petitioner has not offered any reason for this Court to change that determination.

**IT IS ORDERED** that Petitioner's motion (DN 16) is **DENIED**.

Date: August 14, 2017

**Charles R. Simpson III, Senior Judge**
**United States District Court**

cc: Petitioner, *pro se*
Respondent
Clerk, Sixth Circuit (No. 17-5859)
4411.009